THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>CDC PROPERTIES I, LLC,<br><br>        Debtor,<br><br>_____<br><br>MLMT 2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC, a Washington limited liability company,<br><br>        Appellant,<br><br>  v.<br><br>ERIC D. ORSE, individually, and the marital community of ERIC D. ORSE and "JANE DOE" ORSE, husband and wife; KARR TUTTLE CAMPBELL, a Washington Professional Services Corporation; and CDC PROPERTIES I, LLC,<br><br>        Appellees.<br><br>_____ | District Court Case No. 3:20-cv-05106-RBL<br><br>Bankruptcy Case No. 11-41010-BDL<br><br>Adversary Case No. 18-04073-BDL<br><br>Internal Appeal No. 20-T001<br><br>APPELLANT'S BRIEF |

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL

130395.0001/8042157.1

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, Appellant MLMT 2005-MCP1 Washington Office Properties, LLC ("MLMT") makes the following corporate disclosure statement:

MLMT is wholly-owned by Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Mortgage Pass-Through Certificates, Series 2005-MCP1.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## <u>TABLE OF CONTENTS</u>

Page

BASIS OF APPELLATE JURISDICTION ........................................................ 1

STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ................... 3

STATEMENT OF THE CASE ........................................................................... 5

    A.    The Loans, the CDC Plan and the Deeds of Trust ............................. 5

    B.    The Orse Defendants Orchestrate the Transfer of the CDC Properties for $100,000 in Violation of the CDC Plan ........................ 6

    C.    The Transfer of the CDC Properties Ensnared MLMT in Protracted Bad Faith Litigation to Recover the CDC Properties ......... 9

    D.    Discussion of Trial and Aftermath ................................................... 12

SUMMARY ..................................................................................................... 13

ARGUMENT .................................................................................................... 17

I.    THE BANKRUPTCY COURT COMMITTED ERROR BY FAILING TO INTERPRET THE CDC PLAN AS BEING EXPRESSLY INCORPORATED INTO AND MADE PART OF THE CONFIRMATION ORDER ........................................................ 17

II.    THE BANKRUPTCY COURT COMMITTED ERROR AND ABUSED ITS DISCRETION BY DENYING MLMT'S CIVIL CONTEMPT CLAIM DESPITE FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THE ORSE DEFENDANTS VIOLATED PARAGRAPH VII.6 OF THE CDC PLAN ........................... 22

    A.    The CDC Plan, by Incorporation, Constitutes a Specific and Definite Order of the Bankruptcy Court ........................................... 22

    B.    The Bankruptcy Court Correctly Determined the Orse Defendants Violated the CDC Plan by Clear and Convincing Evidence ........................................................................................... 23

    C.    Affirming the Denial Order and the Decision Will Have Significant Negative Consequences in this District for Future Chapter 11 Cases ............................................................................. 23

CONCLUSION ................................................................................................ 27

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL      -i-
130395.0001/8042157.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1

## <u>TABLE OF AUTHORITIES</u>

2 **Cases** **Page(s)**

3

4 *Af–Cap, Inc. v. Chevron Overseas (Congo) Ltd.*
   475 F.3d 1080 (9th Cir. 2007) ............................................................18
5

6 *In re Asbestos Prod. Liab. Litig. (No. VI)*
   No. CIVA 07-CV-63839, 2009 WL 2031772 (E.D. Pa. July 10,
7  2009) (unpublished) ..........................................................................18

8 *In re Bennett*
   298 F.3d 1059 (9th Cir. 2002) .....................................................14, 20
9

10 *In re Bubble Up Delaware, Inc.*
    684 F.2d 1259 (9th Cir. 1982) ............................................................3
11

12 *In re Circle K. Corp.*
    178 B.R. 803 (9th Cir. 1995), *rev'd on other grounds*, 98 F.3d 484
13  (9th Cir. 1996)....................................................................................3

14
   *In Re Deed And Note Traders, LLC*
15  No. 4:10-BK-03640-BMW, 2018 WL 1354328 (B.A.P. 9th Cir.
    Mar. 14, 2018) (unpublished) ...........................................................22
16

17 *In re Dendy*
    396 B.R. 171 (Bankr. D.S.C. 2008)..............................................15, 20
18

19 *In re Holl*
    925 F.3d 1076 (9th Cir. 2019) .....................................................15, 17
20

21 *Keller v. New Penn Fin., LLC dba Shellpoint Mortg. Servicing (In re
    Keller)*, 568 B.R. 118 (B.A.P. 9th Cir. 2017) ...............................20, 21
22

23 *Knupfer v. Lindblade (In re Dyer)*
    322 F.3d 1178 (9th Cir. 2003) ............................................................4

24
   *In re LaManna*
25  23 Fed. App'x 759, 761 (9th Cir. 2001) (unpublished) ........................15, 19, 20

26

27

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -ii-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

*In re National Gypsum Co.*
219 F.3d 478 (5th Cir. 2000) ..................................................................3

*Northrop Grumman Info. Tech., Inc., v. U.S.*
535 F.3d 1339 (Fed. Cir. 2008) ..............................................................3

*In re PADCO Energy Serv., LLC*
610 B.R. 96 (Bankr. W.D. La. 2019)......................................................18

*Perrin v. U.S.*
444 U.S. 37 (1979)..................................................................................17

*Ratzlaf v. U.S.*
510 U.S. 135 (1994)................................................................................18

*Retz v. Samson (In re Retz)*
606 F.3d 1189 (9th Cir. 2010) .................................................................4

*Taggart v. Lorenzen*
139 S.Ct. 1795 (2019)............................................................................26

*U.S. v. Hinkson*
585 F.3d 1247 (9th Cir. 2009) .................................................................4

*U.S. v. SDI Future Health, Inc.*
568 F.3d 684 (9th Cir. 2009) .................................................................19

*Wackerman Dairy, Inc. v. Wilson*
7 F.3d 891 (9th Cir. 1993) .......................................................................3

**Statutes**

11 U.S.C. § 105(a) ...................................................................................26

28 U.S.C. § 157(b) .....................................................................................2

28 U.S.C. § 158(a)(1)..................................................................................2

28 U.S.C. § 158(c)(2)..................................................................................2

**Other Authorities**

Local Rule W.D. Wash. Bankr. 9021-1(b) ...............................................26

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

11 Richard A. Lord, *Williston on Contracts* § 30:25 (4th ed. 1999) ................15, 17

17A C.J.S. *Contracts* § 316 (1999) ...........................................................17

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -iv-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## **BASIS OF APPELLATE JURISDICTION**

This appeal arises from the United States Bankruptcy Court for the Western District of Washington's ("Bankruptcy Court" or "Washington Bankruptcy Court") entry of the *Findings of Fact and Conclusions of Law for Civil Contempt Claim* (the "Decision") and the *Final Order and Judgment for Civil Contempt Claim* (the "Denial Order") on January 22, 2020 in *MLMT 2005-MCP1 Washington Office Properties, LLC v. Orse et al. (In re CDC Properties I, LLC)*, Ch. 11 Case No. 11-41010, Adv. No. 18-04073-BDL, Doc. Nos. 88 and 89. Consistent with the Admitted Facts of the *Joint Pretrial Order* (the "Admitted Facts"), Adv. No. 18-04073-BDL, Doc. No. 76, the Bankruptcy Court found that Appellees Eric D. Orse and Karr Tuttle Campbell (together, the "Orse Defendants") were aware of and had violated the unambiguous real property transfer restrictions in the debtor's confirmed Chapter 11 plan of reorganization (the "CDC Plan") by clear and convincing proof, which findings are not challenged on appeal.   The Bankruptcy Court denied, however, MLMT's civil contempt claim against the Orse Defendants based on its conclusion that the CDC Plan's transfer restrictions were "not a specific and definite order of the Court," despite the express incorporation by reference and attachment of the CDC Plan into the *Order Confirming Plan* (the "Confirmation Order") (Case No. 11-41010-BDL, Doc. No. 119, App. at APP00010). (*See* Decision at 13:21-22, App. at APP00226.)

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                         -1-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Bankruptcy Court had the jurisdiction to hear and determine MLMT's civil contempt claim pursuant to 28 U.S.C. § 157(b).  This Court has jurisdiction to hear appeals from all "final judgments, orders, and decrees" of a bankruptcy court, pursuant to 28 U.S.C. § 158(a)(1).  *See* 28 U.S.C. § 158(a)(1).  MLMT's notice of appeal was timely filed on February 5, 2020 pursuant to 28 U.S.C. § 158(c)(2) and Rule 8002(a) of the Federal Rules of Bankruptcy Procedure.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## <u>STATEMENT OF THE ISSUES AND</u><br><u>STANDARD OF REVIEW</u>

**Issue 1:** Whether the Bankruptcy Court erred by failing to interpret the CDC Plan, including the transfer restrictions, as being expressly incorporated by reference and made a part of the Bankruptcy Court's Confirmation Order?

**Issue 2:** Whether the Bankruptcy Court erred and abused its discretion by denying MLMT's civil contempt claim despite finding by clear and convincing evidence that the Orse Defendants knowingly violated the unambiguous transfer restrictions in express violation of the CDC Plan?

The application of contractual principles and a court's legal interpretation of an order are questions of law subject to de novo review. *Accord In re Circle K. Corp.*, 178 B.R. 803 (9th Cir. 1995), *rev'd on other grounds*, 98 F.3d 484 (9th Cir. 1996); *Wackerman Dairy, Inc. v. Wilson*, 7 F.3d 891, 892 (9th Cir. 1993); *In re Bubble Up Delaware, Inc.*, 684 F.2d 1259, 1262 (9th Cir. 1982) (holding where facts in the record are not in significant dispute, the appeal court's task is to determine whether a legal conclusion is contrary to law); *see also In re National Gypsum Co.*, 219 F.3d 478, 483 (5th Cir. 2000) (de novo review of bankruptcy court's legal interpretation of its confirmation order); *Northrop Grumman Info. Tech., Inc., v. U.S.*, 535 F.3d 1339, 1343 (Fed. Cir. 2008) ("Incorporation by reference is a question of law, reviewed de novo.").

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                     -3-

**LANE POWELL** PC<br>1420 FIFTH AVENUE, SUITE 4200<br>P.O. BOX 91302<br>SEATTLE, WA 98111-9402<br>206.223.7000 FAX: 206.223.7107

130395.0001/8042157.1

But the appellate court "review[s] the decision to impose contempt for an abuse of discretion, and underlying factual findings for clear error." *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003).  A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support in inferences that may be drawn from the facts in the record.  *U.S. v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).  Factual findings are clearly erroneous if they are illogical, implausible or without support in the record.  *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

The Bankruptcy Court misconstrued the Confirmation Order's unambiguous incorporation by reference of the CDC Plan as a matter of law. Further, the Bankruptcy Court's determination that the Orse Defendants' knowing violations of the CDC Plan did not give rise to civil contempt was an abuse of discretion because the Bankruptcy Court relied on improper conclusions of law, ignored analogous Ninth Circuit case law, and completely overlooked the Confirmation Order's plain language and proper legal construction.

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -4-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

# STATEMENT OF THE CASE

## A.    The Loans, the CDC Plan and the Deeds of Trust

MLMT was the senior secured creditor of debtor CDC Properties I, LLC ("CDC") pursuant to two loans (the "Loans") made to CDC. (Decision at 4:19-20, App. at APP00217.) The Loans were secured by valid and perfected first priority Deeds of Trust (the "Deeds of Trust") on office buildings located in Washington that were owned by CDC at the time the Loans were made (hereinafter the "CDC Properties"). (*Id*. at 4:20-5:3.)  CDC defaulted under the Loans and on February 10, 2011 filed a voluntary Chapter 11 bankruptcy in the Bankruptcy Court.  (Admitted Facts at 4:4-7, App. at APP00169.; Decision, 5:6-7, App. at APP00218.)

On November 22, 2011, the Bankruptcy Court confirmed the CDC Plan. (Admitted Facts at 4:8-9, App. at APP00169.)  Under the CDC Plan, the Loans and the Deeds of Trust remained in effect on their original terms, except as expressly modified by the CDC Plan. The Deeds of Trust prohibited CDC from conveying the CDC Properties without the prior written consent of the lender. (Decision at 5:4-5, App. at APP00218.) Moreover, Paragraph VII.6 of the CDC Plan, also included transfer restrictions with respect to the CDC Properties:

> The Reorganized Debtor may sell or refinance the Real Property, or any component thereto at any time if the proceeds of the sale or refinance are sufficient to pay all Allowed Claims in Classes 1-5 and sums otherwise required to be paid under the terms of this Plan.  Any sale of the Real Property shall be:  (a) free and clear of all liens and monetary encumbrances pursuant to section 363 of the Bankruptcy Code, and (b) exempt from excise tax pursuant to section 1146 of the Bankruptcy

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -5-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

Code and section 458-61A-207 of the Washington Administrative Code.

(Decision at 5:12-18, App. at APP00218) (hereinafter the "Transfer Restrictions").

In sum, it is undisputed that the CDC Plan (i) prohibited CDC from transferring the CDC Properties unless the proceeds thereof are sufficient to, among other things, fully repay the Loans and (ii) permitted any such transfer only if the CDC Properties are sold free and clear of all liens and monetary encumbrances, which necessarily included the Deeds of Trust. (*Id.* at 6:2-6, App. at APP00219.)

Orse was appointed as the Chapter 11 management representative of CDC's bankruptcy estate. (Adv. No. 18-04073-BDL, Doc. No. 20-6 at pp. 15-17, App. at APP00090 – APP00092.)

**B.     The Orse Defendants Orchestrate the Transfer of the CDC Properties for $100,000 in Violation of the CDC Plan**

After confirmation of the CDC Plan, CDC defaulted on the Loans. (Decision at 7:6-7, App. at APP00220.) On March 11, 2016, MLMT commenced nonjudicial foreclosure proceedings with respect to the CDC Properties. (Admitted Facts at 5:4-5, App. at APP00170; Decision at 7:8-9, App. at APP00220.) In May 2016, MLMT filed a Petition in Washington State Court and obtained an Order Appointing Custodial Receiver, pursuant to which a receiver was appointed over the CDC Properties. (Admitted Facts at 5:6-9, App. at APP00170; Decision at 7:9-11, App. at APP00220.) On or about July 1, 2016, MLMT served (and subsequently recorded)

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -6-

130395.0001/8042157.1

Notices of Trustee's Sales with respect to the CDC Properties (the "Notices of Sale"). (Admitted Facts at 5:10-12, App. at APP00170; Decision at 7:11-13, App. at APP00220.) Pursuant to the Notices of Sale, nonjudicial foreclosure sales of the CDC Properties were scheduled for October 21, 2016. (Admitted Facts at 5:11-14, App. at APP00170; Decision at 7:13-15, App. at APP00220.)

Rather than allow the foreclosure to go forward, the Orse Defendants sold the CDC Properties without MLMT's knowledge or consent for $100,000 when there was an existing indebtedness of over $41,000,000.  (Decision at 10:12-16, App. at APP00223.)   On July 16, 2016, Karr Tuttle Campbell, was contacted by Kazu Yamaguchi ("Yamaguchi"), a representative of a group known as the "Pilevsky Group", interested in acquiring the CDC Properties or purchasing an LLC interest for CDC. (Admitted Facts at 5:14-18, App. at APP00170; Decision at 7:16-18, App. at APP00220.)  By an August 19, 2016 Membership Interest Purchase Agreement (the "Membership Purchase Agreement"), Orse entered into an agreement with a newly formed and undercapitalized entity established by the Pilevsky Group called CDC Member LLC ("CDC Member") to sell the LLC interest in CDC to CDC Member or its designee for $100,000. (Admitted Facts at 5:21-26, App. at APP00170; Decision at 8:7-10, App. at APP00221.) The Orse Defendants did not conduct any material due diligence with respect to Yamaguchi, the Pilevsky Group or CDC Member. (Adv. No. 18-04073-BDL, Doc. No. 20-6 at 45:13-21, 72:20-25,

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

App. at APP00098, APP000105.)

In or around August 2016, the Orse Defendants determined that the transaction contemplated by the Membership Purchase Agreement was not financially viable because the Washington State excise tax on real estate on that transaction of more than $500,000 would have resulted in a net loss for the sale. (Admitted Facts at 6:1-7, App. at APP00171; Decision at 8:10-16, App. at APP00221.)   To avoid that unfavorable tax consequence, "the Orse Defendants determined they had two choices:  (1) renege on the sale, lose the $100,000, end up with a foreclosure of the CDC Properties, and risk a lawsuit by the buyer; or (2) ask if the buyer would be willing to convert the sale from a membership interest sale to an asset sale of the CDC Properties."  (Decision at 9:1-4, App. at APP00222.)

After discussions between the Orse Defendants and Robyn Tuerk ("Tuerk"), the Pilevsky Group representative, both parties agreed to convert the sale to an asset sale of the CDC Properties to avoid the excise tax liability.  (Admitted Facts at 6:8-11, App. at APP00171; Decision at 9:6-8, App. at APP00222.)  On September 9, 2016, Orse, on behalf of CDC, quitclaimed the CDC Properties to CDC Member for $100,000.  (Admitted Facts at 6:14-17, App. at APP00171.)  "MLMT was never approached for consent to the sale, and MLMT was not informed of the sale until after it had closed and the CDC Properties had been transferred."  (Decision at 11:6-8, App. at APP00224.)

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

### C.     The Transfer of the CDC Properties Ensnared MLMT in Protracted Bad Faith Litigation to Recover the CDC Properties

Karr Tuttle Campbell did not inform MLMT that Orse transferred the ownership of the CDC Properties to CDC Member until September 30, 2016. (Decision at 11:9-10, App. at APP00224.)  The quitclaim deeds reflected that CDC Member, the purchaser of the CDC Properties, was comprised of four tenants-in-common that were incorporated in four separate jurisdictions.  (*Id*. at 10:20-11:2, App. at APP00223 – APP00224.)  MLMT had already scheduled a nonjudicial foreclosure sale of the CDC Properties for October 21, 2016.  (*Id*. at 11:11-12, App. at APP00224.)  However, on October 20, 2016, one day prior to that scheduled nonjudicial foreclosure sale, one of the four tenants-in-common filed a bankruptcy case in the United States Bankruptcy Court for the Eastern District of New York (the "EDNY Bankruptcy Court"), entitled *In re Olympia Office LLC*, No. 16-74892-AST (the "Olympia Office Bankruptcy").  (Admitted Facts at 7:13-18, App. at APP00172; Decision at 11:11-15, App. at APP00224.)  This bankruptcy filing was followed by three other voluntary petitions under Chapter 11 on November 28, 2016, filed by the other three tenants-in-common who were in possession of the CDC Properties. (Admitted Facts at 7:18-22, App. at APP00172; Decision at 11:15-18, App. at APP00224.)

MLMT spent nearly two years engaged in litigation to recover the CDC

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

Properties in the EDNY Bankruptcy Court, the Washington Bankruptcy Court, and Washington state courts. (Decision at 11:19-20, App. at APP00224.)  Specifically, on October 19, 2017, the EDNY Bankruptcy Court dismissed all four tenants'-in-common bankruptcy filings.  (Admitted Facts at 7:23-24, App. at APP00172)  After those bankruptcies were dismissed, the nonjudicial foreclosure sale of the CDC Properties was rescheduled for December 15, 2017.  (*Id*. at 7:25-26, App. at APP00172.)  The four tenants-in-common then sought to enjoin the newly scheduled December 15, 2017 nonjudicial foreclosure sale by filing a motion for preliminary injunction in the Superior Court for King County, Washington (the "King County Court").  (*Id*. at 8:1-3, App. at APP00173.)  The King County Court ultimately continued the nonjudicial foreclosure sale to December 29, 2017.  (*Id*. at 8:5-7, App. at APP00173.)

Undeterred, the four tenants-in-common filed yet another motion for preliminary injunction in the King County Court seeking to enjoin the newly scheduled nonjudicial foreclosure sale for December 29, 2017.  (Admitted Facts at 8:8-10, App. at APP00173.)  The King County Court set oral argument on that motion for December 27, 2017.  (*Id*. at 8:10-11, App. at APP00173.)  However, one day before the scheduled oral argument, on December 26, 2017, the four tenants-in-common filed another set of four related bankruptcy cases (the "Washington Bankruptcies") in the Washington Bankruptcy Court.  (*Id*. at 8:13-14, App. at

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -10-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

APP00173.)

The Washington Bankruptcy Court granted MLMT's relief from stay motion ("Stay Relief Ruling") and allowed MLMT to pursue its collateral through nonjudicial foreclosure sales of the CDC Properties pursuant to a January 18, 2018 Order.   (Admitted Facts at 8:15-17, App. at APP00173.)   The Washington Bankruptcy Court found that the Washington Bankruptcies were filed in bad faith. (*Id*. at 8:22-23, App. at APP00173.)   In accordance with the Stay Relief Ruling, MLMT continued the nonjudicial foreclosure sale of the CDC Properties to February 9, 2018.   (*Id*. at 8:24-25, App. at APP00173.)   Nevertheless, the four tenants-in-common filed another motion for preliminary injunction in the King County Court seeking to enjoin the scheduled February 9, 2018, nonjudicial foreclosure sale of the CDC Properties.   (*Id*. at 9:1-3, App. at APP00174.)   On February 6, 2018, the King County Court denied the preliminary injunction motion, but subsequently entered a stay of the nonjudicial foreclosure sale to afford the four tenants-in-common the opportunity to seek appellate review of the denial of their motion for preliminary injunction in the Washington State Court of Appeals.   (*Id*. at 9:5-9, App. at APP00174.)   On May 16, 2018, the Washington State Court of Appeals lifted the stay.   (*Id*. at 9:10, App. at APP00174.)   On August 23, 2018, almost two years after the Orse Defendants transferred the CDC Properties to the undercapitalized entities, the CDC Properties were sold at nonjudicial foreclosure sales to MLMT via credit

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -11-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

bid following a competitive bidding process.  (*Id*. at 9:11-12, App. at APP00174.)

### D.   Discussion of Trial and Aftermath

In October 2019, the Bankruptcy Court conducted a four-day trial consolidating a number of adversary proceedings and issues, including MLMT's civil contempt claim against the Orse Defendants. On January 22, 2020, the Bankruptcy Court entered its Decision and Denial Order. The Bankruptcy Court found that the Transfer Restrictions under the CDC Plan are unambiguous. (Decision at 9:25-10:1, App. at APP00222 – APP00223.)  The Bankruptcy Court also found by clear evidence that the Orse Defendants were aware of the Transfer Restrictions. (Decision at 13:19-20, App. at APP00226.)   And the Bankruptcy Court further determined the Orse Defendants specifically identified the Transfer Restrictions when discussing the tax implications of the Membership Purchase Agreement and eventual sale.  (Decision at 9:17-21, App. at APP00222.)

The Bankruptcy Court further found that "the Orse Defendants never sought or obtained MLMT's agreement to the sale of the CDC Properties to the Pilevsky Group."  (Decision at 10:9-11, App. at APP00223.)   In fact, it was not until September 30, 2016 that the Orse Defendants first informed MLMT and its representatives that Orse transferred ownership of the CDC Properties.  (Admitted Facts at 7:11-13, App. at APP00172; Decision at 11:9-10, App. at APP00224.)

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

Although the Bankruptcy Court found that the Orse Defendants violated the Transfer Restrictions contained at Paragraph VII.6 of the CDC Plan, it also found that Paragraph VII.6 was a mere contractual provision and not a specific and definite order of the Bankruptcy Court.  (Decision at 13:11-25, App. at APP00226.)   The Bankruptcy Court further held that "[n]ot every term in a confirmed plan can be treated as a specific and definite order of the Court which would give rise to a civil contempt claim."  (*Id*. at 13:22-24, App. at APP00226.)

On February 5, 2020, MLMT timely filed an appeal of the entry of the Denial Order and the Decision.  (Adv. No. 18-04073, Doc. No. 91, App. at APP00230.)

## **SUMMARY**

The Orse Defendants knowingly violated a specific and definite bankruptcy court order, and, therefore, the Orse Defendants should be held in civil contempt as a matter of law. It is undisputed in this appeal that the Orse Defendants transferred the CDC Properties for $100,000, notwithstanding the fact that the CDC Plan, as confirmed and incorporated into the Bankruptcy Court's Confirmation Order, expressly prohibited such transfers.  Unbeknownst to MLMT, the Orse Defendants quitclaimed the CDC Properties on the eve of a nonjudicial foreclosure to avoid the very legal process established under the terms of the CDC Plan and related agreements in place to protect CDC's creditors, including MLMT.  Worse still, the purchasers and others, for many years, blocked MLMT's attempts to unwind the

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -13-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

Orse Defendants' prohibited transfers.  MLMT spent two years and millions of dollars engaged in contentious litigation in both Washington and New York to exercise its remedies to recover on its claims secured by the CDC Properties.

In 2019, MLMT commenced an adversary proceeding in the Bankruptcy Court to hold the Orse Defendants in civil contempt for violation of the CDC Plan which had been confirmed by the Bankruptcy Court's express order and incorporated therein by reference.  A party moving for civil contempt "has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. . . ." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).  As a matter of law, the Transfer Restrictions are a clear and specific provision incorporated in and made a unified part of the Bankruptcy Court's Confirmation Order and, therefore, MLMT met its burden that the Orse Defendants' misconduct constituted civil contempt.

The Confirmation Order expressly states that the CDC Plan *attached to the order* is incorporated into the order by reference, yet the Bankruptcy Court's basis for dismissing MLMT's civil contempt claim for an indisputably egregious and prejudicial violation of the CDC Plan's Transfer Restriction is that certain portions of the CDC Plan were, inexplicably, not actually incorporated or not important enough to be incorporated into the Confirmation Order.  Such legal interpretation is clearly erroneous and absurd.  The act of incorporation by reference is well-

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -14-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

established and carries with it a clear and definite legal meaning:  The CDC Plan and Confirmation Order are united and should be read as one document.  11 Richard A. Lord, *Williston on Contracts* § 30:25 (4th ed. 1999); *accord In re Holl*, 925 F.3d 1076, 1084 (9th Cir. 2019).  Accordingly, the Bankruptcy Court adopted an incorrect legal interpretation of the unambiguous Confirmation Order when it ignored the express order of incorporation by reference of the CDC Plan.

The Bankruptcy Court also applied an erroneous legal standard for civil contempt that does not exist in the Ninth Circuit.  Specifically, the Bankruptcy Court cited *In re Dendy*, 396 B.R. 171, 180 (Bankr. D.S.C. 2008), requiring that MLMT establish an "unequivocal demand" in the form of a "specific order of the court within the plan [of reorganization]." (Decision at 13:5-7, App. at APP00226.)  While *Dendy* appears to have properly applied Fourth Circuit law, the Bankruptcy Court misapplied it here. *Cf. Renwick*, supra.  And in so doing, the Bankruptcy Court did not consider a Ninth Circuit case affirming civil contempt under analogous facts.  In *In re LaManna*, the Ninth Circuit confirmed that a claim for civil contempt judgment can rest on violation of an agreement incorporated by reference into a bankruptcy court's order.  23 Fed. App'x 759, 761 (9th Cir. 2001) (unpublished).

Thus, the Bankruptcy Court committed error and abused its discretion when it held "[the Transfer Restrictions are] a mere contractual provision" and "not a specific and definite order of the Court" that "does not provide a basis for civil

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                     -15-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

contempt." (Decision at 13:21-22, App. at APP00226.) The Bankruptcy Court also committed error and abused its discretion by denying MLMT's civil contempt claim despite finding by clear and convincing evidence that the Orse Defendants knowingly violated the CDC Plan's unambiguous Transfer Restrictions.

For these reasons, and as discussed in greater detail below, MLMT requests that: (1) this Court find, as a matter of law, that the CDC Plan provisions were incorporated by reference into the Confirmation Order and constitute specific and definite orders of the Bankruptcy Court; (2) vacate the Bankruptcy Court's Decision in all respects inconsistent with that proper legal construction of the Confirmation Order and incorporated CDC Plan; (3) vacate the Denial Order and render judgment in favor of MLMT on its civil contempt claim based on the Bankruptcy Court's unchallenged finding of clear and convincing evidence that the Orse Defendants knowingly violated the unambiguous Transfer Restrictions in express violation of the CDC Plan; (4) remand this proceeding to the Bankruptcy Court to make appropriate sanctions and damages determinations consistent with this Court's finding of civil contempt; and (5) grant such other and further relief as is proper.

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -16-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

1

## **ARGUMENT**

2
**I.    THE BANKRUPTCY COURT COMMITTED ERROR BY FAILING**
3
**TO  INTERPRET  THE  CDC  PLAN  AS  BEING  EXPRESSLY**
**INCORPORATED   INTO   AND   MADE   PART   OF   THE**
4
**CONFIRMATION ORDER**

5

6        The plain language of the Confirmation Order states that the CDC Plan was

7  "attached . . . and incorporated herein by this reference" to the Confirmation Order.

8  In effect, the Bankruptcy Court unambiguously expressed its original intention to

9  have the CDC Plan's provisions read into the Confirmation Order. Although the

10  Bankruptcy Court has power to interpret its order, that authority is not limitless and

11  does not include the power to rewrite it.  Here, the Bankruptcy Court read out of the

12  Confirmation Order a bedrock provision of the CDC Plan—real property Transfer

13  Restrictions to protect MLMT and other creditors—which was confirmed by the

14  Bankruptcy Court.

15        "Incorporation by reference" has a well-established legal meaning.[1]  "When a

16  writing refers to another document, that other document, or the portion to which

17  reference is made, becomes constructively a part of the writing, and in that respect

18  the two form a single instrument. The incorporated matter is to be interpreted as part

19  of the writing." 11 Richard A. Lord, *Williston on Contracts* § 30:25 (4th ed. 1999).

20  In order to incorporate a separate document by reference into a contract, "the

21  reference must be clear and unequivocal, and the terms of the incorporated document

22  must be known or easily available to the contracting parties." 17A C.J.S. *Contracts*

23  § 316 (1999); *accord In re Holl*, 925 F.3d 1076, 1084 (9th Cir. 2019).

24        For example, federal courts, relying on dictionary definitions, have similarly

25  defined the term "incorporated" as "to unite or work into something already existent

26  ───────────────
[1]  "[U]nless otherwise defined, words will be interpreted as taking their ordinary,
27  contemporary, common meaning."  *Perrin v. U.S.*, 444 U.S. 37, 42 (1979).

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

1
2
3
4
5
6
7
8
9
10
11

so as to form an indistinguishable whole" or as "[u]nited into one body; combined." *See, e.g.*, *In re Asbestos Prod. Liab. Litig. (No. VI)*, No. CIVA 07-CV-63839, 2009 WL 2031772, at *5 (E.D. Pa. July 10, 2009) (unpublished) (citing *Merriam-Webster's Collegiate Dictionary,* 631 (11th ed. 2003)) ("[T]o unite or work into something already existent so as to form an indistinguishabe whole" and as "to blend or combine thoroughly."); *In re PADCO Energy Serv., LLC*, 610 B.R. 96, 108 (Bankr. W.D. La. 2019) ("[T]he two most relevant definitions of 'incorporated' in the Oxford English Dictionary are: 1. 'United into one body; combined . . . 3. Included as part of a whole.' 10 Similarly, Merriam-Webster most relevantly defines 'incorporated' as 'united in one body,' and Dictionary.com defines it as 'combined in one body; made part of.'") (internal quotations omitted).[2]

12
13
14
15
16
17
18

Thus, the CDC Plan was united into, combined, and made a part of the Confirmation Order.  The Confirmation Order cannot be more clear on this point. Any other interpretation would make the Confirmation Order's use of the phrase "attached as Exhibit A and incorporated herein by this reference" meaningless, an outcome disfavored in various interpretive contexts.  *See, e.g., Ratzlaf v. U.S.*, 510 U.S. 135, 140-41 (1994) (noting that statutory language should not be construed so as to render certain words or phrases as mere surplusage).

19
20
21
22
23
24

The Bankruptcy Court's legal conclusion that "Paragraph VII.6 of the CDC Plan is a mere contractual provision" completely overlooks the Confirmation Order's incorporation of that provision and the entire CDC Plan by express reference and attachment.  Rather than acknowledge the express incorporation of the CDC Plan into the Confirmation Order, the Bankruptcy Court arbitrarily chose to ignore it and provided no articulation for doing so.  Instead, the Bankruptcy Court rests its

25
26
27

[2] "When determining the plain meaning of language, we may consult dictionary definitions."  *Af–Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1088 (9th Cir. 2007).

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -18-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX:206.223.7107

130395.0001/8042157.1

decision on the improper legal conclusion that "[a] basis for a finding a civil contempt requires language that constitutes a specific order of the court *within the plan [of reorganization]*." (Decision at 13:7-9, ) (emphasis added). That is not the law. Indeed, "[t]here are no required magic words of incorporation." *U.S. v. SDI Future Health, Inc.*, 568 F.3d 684 (9th Cir. 2009) (addressing a warrant's (a form of court order) incorporation of affidavit by reference).

The Ninth Circuit has expressly agreed, however, that a claim for civil contempt can rest on violation of an agreement incorporated into a bankruptcy court's order. For example, in *In re LaManna*, a settlement agreement was *incorporated but not attached* to the bankruptcy court's injunction orders. 23 Fed. App'x 759 (9th Cir. 2001) (unpublished). The Ninth Circuit held that the bankruptcy court did not abuse its discretion when finding persons who were parties to the settlement agreement (but not the injunction orders) in contempt of the court's injunction order that incorporated by reference the settlement agreement. The Ninth Circuit's decision indicates that there is no rule or prohibition against incorporation by reference of another document into a court order. Where, as here, the parties had sufficient notice of the prohibited acts to comply with the bankruptcy court's injunction order—civil contempt may arise from violation of the incorporated agreement and the court's order referencing that separate agreement which bound the contemnors. *See id*., 23 Fed. App'x at 761. Contrary to the Bankruptcy Court's decision, there is no legal requirement that "within" the secondary, incorporated agreement there be a specific order of the court—separate from the order into which the agreement is incorporated.

Here, the CDC Plan was incorporated by reference and attached to the Confirmation Order. And there is absolutely no question that Orse, as CDC's management representative, and Karr Tuttle Campbell, as legal counsel, were well

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                    -19-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000 FAX: 206.223.7107

130395.0001/8042157.1

aware of the CDC Plan's Transfer Restrictions and the Bankruptcy Court's Confirmation Order adopting and confirming that plan of reorganization. (Decision at 13:19-20.)  Applying the *LaManna* rationale to the admitted facts and unappealed portions of the Bankruptcy Court's Decision, the Bankruptcy Court should have found the Orse Defendants liable for civil contempt of the Confirmation Order and the Transfer Restrictions incorporated therein.

The Bankruptcy Court ignored *LaManna* in favor of reliance on *In re Dendy*, 396 B.R. 171, 180 (Bankr. D.S.C. 2008), for the proposition that if civil contempt is based on a confirmation order, the party must violate a "unequivocal demand" set for in "specific detail" within the order at issue.  (Decision at 13:5-7.)  The reliance on *Dendy* demonstrates that the Bankruptcy Court abused its discretion because even a cursory review of *Dendy* shows that the Bankruptcy Court cited to a standard for civil contempt that does not exist under binding Ninth Circuit precedent. Specifically, the requirement for an "unequivocal demand" is the third element under applicable Fourth Circuit law for civil contempt.  This element does not exist in the Ninth Circuit, which requires a movant to show civil contempt by clear and convincing evidence that a party violated a specific and definite order of the court. *See Bennett*, 298 F.3d at 1070.  The Bankruptcy Court improperly relied upon a standard in direct contrast with binding precedent.  This, by itself, constitutes an abuse of discretion.

The Bankruptcy Court's Decision improperly suggests that the Transfer Restrictions are "mere provisions of a [reorganization] plan"—suggesting that only part of the CDC Plan may be construed to have been made part of the Court's Confirmation Order.[3]  The court relies heavily on *Keller v. New Penn Fin., LLC dba*

---

[3] *See* Decision at 13:4-5, App. at APP00226 (distinguishing between "the definite and specific orders of the court contained in a plan or a confirmation order and the mere provisions of a plan.").

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

*Shellpoint Mortg. Servicing (In re Keller)*, 568 B.R. 118 (B.A.P. 9th Cir. 2017), for its post-hoc construction.  In *Keller*, the Bankruptcy Appellate Panel for the Ninth Circuit affirmed a bankruptcy court decision that the act of erroneously reporting to credit reporting agencies that certain mortgage payments were delinquent did not violate the confirmation order to a Chapter 13 plan.  568 B.R. 118, 129 (B.A.P. 9th Cir. 2017).  Besides the fact that *Keller* involves no analogous facts or circumstances to the present case, it is distinguishable based on the important fact that it involved a Chapter 13 plan whereas CDC involves a Chapter 11 plan.  A Chapter 13 plan is a simple document filled out by an individual debtor on Official Form 113 and typically focuses on the debtor proposing to repay creditors based on future wage income.  On the other hand, a Chapter 11 plan is not based on an Official Form and it may be used by both individual debtors and corporate entities such as CDC.  The transactions in a Chapter 11 plan are more complex, more sophisticated, and often times involve heavily negotiated compromises between creditors and debtors.  Indeed, by CDC's own admission, the CDC Plan reflected such negotiations.  *See Declaration of Thomas W. Price in Support of Debtor's Plan Confirmation*, Case No. 11-41010, ECF No. 117 ("Since its filing the Plan has been modified to address and satisfy the concerns of some creditors.").  Therefore, the Bankruptcy Court's reliance on *Keller* was an abuse of discretion.

For these reasons, the Bankruptcy Court's interpretation of the Confirmation Order was legal error and an abuse of discretion, and should be reversed.[4]

---

[4] The Bankruptcy Court's interpretation of its unambiguous order presents a legal question subject to de novo review. Reversal is also warranted under an abuse of discretion standard because the Bankruptcy Court applied the wrong legal standard when it disregarded the law on incorporation by reference, *LaManna,* and the standard established in *Renwick,*  as discussed above.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000 FAX: 206.223.7107

## II. THE BANKRUPTCY COURT COMMITTED ERROR AND ABUSED ITS DISCRETION BY DENYING MLMT'S CIVIL CONTEMPT CLAIM DESPITE FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THE ORSE DEFENDANTS VIOLATED PARAGRAPH VII.6 OF THE CDC PLAN

### A. The CDC Plan, by Incorporation, Constitutes a Specific and Definite Order of the Bankruptcy Court

Due to the incorporation of the CDC Plan, the Confirmation Order constituted a definite and specific of the Bankruptcy Court.  To be definite and specific, the order at issue must unambiguously command the offending party to perform or refrain from performing in accordance with the order, and leave "no uncertainty in the minds of those to whom it is addressed."  *In Re Deed And Note Traders, LLC*, No. 4:10-BK-03640-BMW, 2018 WL 1354328 at *9 (B.A.P. 9th Cir. Mar. 14, 2018) (unpublished) (citing *In re 1990's Caterers Ltd. d/b/a Vina de Villa Caterers*, 531 B.R. 309, 319 n.13 (Bankr. E.D.N.Y. 2015).

Here, there should be no uncertainty by any party, including the Orse Defendants, that the Transfer Restrictions in the CDC Plan met this standard. Specifically, Paragraph VII.6 of the CDC Plan provides:

> The Reorganized Debtor may sell or refinance the Real Property, or any component thereof, at any time if the proceeds of the sale or refinance are sufficient to pay all Allowed Claims in Classes 1-5 and sums otherwise required to be paid under the terms of this Plan. Any sale of the Real Property shall be: (a) free and clear of all liens and monetary encumbrances pursuant to section 363 of the Bankruptcy Code, and (b) exempt from excise tax pursuant to section 1146 of the Bankruptcy Code and section 458-6IA-207 of the Washington Administrative Code.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

The above provision required CDC to repay in full MLMT, which was a Class 3 claim, from proceeds of the sale of the real property.  Further, the Bankruptcy Court determined the Transfer Restrictions are unambiguous as a matter of law, which legal construction is not challenged on appeal. (Decision at 9:25-10:1, App. at APP00222-APP00223.)   In sum, the Transfer Restrictions were a specific and definite order of the court.

**B.      The Bankruptcy Court Correctly Determined the Orse Defendants Violated the CDC Plan by Clear and Convincing Evidence**

The Bankruptcy Court accurately determined that MLMT met its burden that the Orse Defendants failed to comply with the Transfer Restrictions. (Decision at 13:16-19, App. at APP00226.)  Specifically, the Bankruptcy Court concluded the Orse Defendants violated the CDC Plan when they facilitated the sale of the CDC Properties for $100,000 as evidenced by the quit claim deeds as well as other documents and evidence.  (*Id.*, App. at APP00226.). Further, the Bankruptcy Court correctly determined that such facilitation was done with awareness of the Transfer Restrictions under Paragraph VII.6 of the CDC Plan. (Decision at 13:16-20, App. at APP00226.).

In light of these actions by the Orse Defendants, MLMT met its burden with respect to proving violations of the CDC Plan by clear and convincing evidence by the Orse Defendants. These findings of fact and conclusions of law are not in dispute before this Court because the Orse Defendants did not appeal the factual findings in the Decision.  Therefore, the well-established violations of the CDC Plan, and by extension the Confirmation Order, constitute civil contempt by the Orse Defendants.

**C.      Affirming the Denial Order and the Decision Will Have Significant Negative Consequences in this District for Future Chapter 11 Cases**

The Bankruptcy Court's legal construction of the Confirmation Order is illogical and without justification especially considering the potential extension of

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                             -23-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000 FAX: 206.223.7107

130395.0001/8042157.1

its decision to future Chapter 11 cases.  The Bankruptcy Court's Judgment rests, in part, on its conclusion that "[n]ot every term in a confirmed plan can be treated as a specific and definite order of the Court which would give rise to a civil contempt claim." (Decision at 13:22-24, App. at APP00226.)  Such proffered 'interpretation' of the unambiguous Confirmation Order is fraught with peril because it implicitly suggests the Bankruptcy Court may disregard the unequivocal incorporation by reference language and, instead, subjectively pick which of the integrated plan of reorganization provisions it deems a 'court order' and which it does not.  As here, material terms that induced a secured creditor's acceptance of a plan might later be deemed 'mere contractual provisions' despite the Bankruptcy Court's clear and unequivocal approval in the first instance.

The Bankruptcy Court's statement ignores the reality of the CDC Plan and the weight given to the Transfer Restrictions.  The Transfer Restrictions were integral to the CDC Plan.  MLMT was an active participant in the CDC bankruptcy case, and specifically objected to the adequacy of CDC's disclosure statement to the CDC Plan.  *See* Case No. 11-41010, ECF No. 69, App. at AP00001.  In the objection, MLMT did not object to the then proposed Transfer Restrictions to the CDC Plan because it protected MLMT's interests upon entry of the Confirmation Order.  However, if MLMT was aware that the Bankruptcy Court would later render the Transfer Restrictions to the CDC Plan to be "mere provisions of a plan," with no consequences if such restrictions were later violated post-confirmation, MLMT would not have consented to the confirmation of the CDC Plan.

It is also important to frame the Bankruptcy Court's erroneous construction of the Confirmation Order in light of local practices in the Bankruptcy Court and its likely effect on future Chapter 11 cases in this District.  In contrast to other jurisdictions that welcome the replication of the material provisions of a Chapter 11

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL                          -24-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

plan in a lengthy confirmation order, in this District, local practice favors a short-form of confirmation order that expressly incorporates the Chapter 11 plan into the confirmation order by reference. This practice alleviates the need for any creditor to demand that a plan's substantive provisions be included verbatim in the body of the confirmation order, and minimizes the potential for a confirmation order to contain substantive terms that conflict with the corresponding plan's express terms.

To put this into perspective, it is worthwhile to first examine the five-page Confirmation Order in detail. The first four pages of the Confirmation Order were devoted to findings of fact; however, a mere three sentences on the last page of the five-page order were dedicated to the ordered language of the Confirmation Order. The specific language with respect to incorporation of the CDC Plan was set forth in paragraph one on page five of the Confirmation Order:

> 1.     ***The Debtor's Plan of Reorganization, a copy of which is attached hereto as Exhibit A and incorporated herein by this reference***, is hereby confirmed and the Debtor is authorized and directed to carry out the terms and intent of said Plan.

Confirmation Order at 5 (emphasis added), App. at APPP00014. The Bankruptcy Court's intent at the time of entry of the Confirmation Order cannot be more clear: it was incorporating into the short-form order the 18-page CDC Plan so that all the terms of the CDC Plan were part of and read into the Confirmation Order.

The preference for short-form confirmation orders is also a means to avoid parties from trying to toy with a plan's substantive terms by amending the confirmation order (likely on the eve of entry) to gain leverage or create conflicts with the confirmed plan. Thus, the local practice should protect MLMT and other creditors from exactly what happened in this case: the parties responsible for carrying out the CDC Plan indisputably acted in direct contravention of the plan's

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

express terms to the detriment of the creditor who those terms were intended to protect, yet the violators managed to avoid sanctions, not because their conduct did not rise to a level warranting sanctions, but because of some perceived difference or gap between the Confirmation Order and CDC Plan attached thereto and expressly incorporated therein. In the future, parties to a Chapter 11 plan in this district will be emboldened to engage in as blatant and reprehensible conduct as the Orse Defendants and suffer no consequences; in essence, creditors will not be able to take any comfort in a plan's terms unless they are recited verbatim in the body of the confirmation order. This will only encourage misconduct and more litigation before both the Bankruptcy Court and the District Court, and carry similar implications for any federal court order that purports to incorporate anything by reference, be it an attached document, oral ruling, stipulation, or otherwise.[5]

Here, the Bankruptcy Court should have exercised its contempt power to correct the Orse Defendants' intentional misconduct and blatant violations of the CDC Plan, ordered to have been attached and incorporated by reference into the Confirmation Order, that cost MLMT years' of effort and millions of dollars in legal fees to unwind. Even if the Confirmation Order had not so clearly incorporated the CDC Plan by reference (which it did), the Bankruptcy Court should have still sanctioned the Orse Defendants pursuant to its inherent power under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Chapter 11]," which includes the power to find parties in civil contempt. *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019).

---

[5] For example, the District's local bankruptcy rules *require* that a stipulation be filed as a separate document from the order granting the stipulation. *See* Local Rule W.D. Wash. Bankr. 9021-1(b). In practice, such orders typically incorporate the corresponding stipulation by reference rather than restating the substantive terms in the body of the order, similar to how a confirmation order may incorporate a plan for ease and simplicity.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

Accordingly, for all the reasons set forth above, the District Court should vacate the Denial Order and direct the Bankruptcy Court to enter an order finding the Orse Defendants' violation of the Confirmation Order constituted civil contempt and schedule a hearing to determine the damages.

## **CONCLUSION**

MLMT respectfully requests that: (1) this Court find, as a matter of law, that the CDC Plan provisions were incorporated by reference into the Confirmation Order and constitute specific and definite orders of the Bankruptcy Court; (2) vacate the Decision in all respects inconsistent with that proper legal construction of the Confirmation Order and incorporated CDC Plan; (3) vacate the Denial Order and render judgment in favor of MLMT on its civil contempt claim based on the Bankruptcy Court's unchallenged finding of clear and convincing evidence that the Orse Defendants knowingly violated the unambiguous Transfer Restrictions in express violation of the CDC Plan; (4) remand this proceeding to the Bankruptcy Court to make appropriate sanctions and damages determinations consistent with this Court's finding of civil contempt; and (5) grant such other and further relief as is proper.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1

Dated: April 20, 2020.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  /s/  Alan M. Feld
    Alan M. Feld, Cal. Bar No. 155345*
    Sheppard, Mullin, Richter & Hampton LLP
    333 South Hope Street, 43rd Floor
    Los Angeles, California  90071
    Telephone:    (213) 620-1780
    Facsimile:    (213) 620-1398
    Email:  afeld@sheppardmulllin.com

    Michael T. Driscoll, NY Bar No. 5166715**
    Damani C. Sims, NY Bar No. 4647921**
    Sheppard, Mullin, Richter & Hampton LLP
    30 Rockefeller Plaza, 39th Floor
    New York, New York 10112-0015
    Tel:  (212) 653-8700
    Fax:  (212) 653-8701
    Email:  mdriscoll@sheppardmullin.com
    Email:  dsims@sheppardmullin.com
    *Admitted *pro hac vice*
    **Pending admission *pro hac vice*

LANE POWELL PC

By: /s/ Gregory F. Fox
    Charles R. Ekberg, WSBA No. 00342
    Gregory F. Fox, WSBA No. 30559
    1420 5th Avenue, Suite 4200
    Seattle, Washington 98101
    Tel:  (206) 223-7000
    Fax:  (206) 223-7107
    Email:  ekbergc@lanepowell.com
    Email: foxg@lanepowell.com

*Attorneys for Appellant MLMT 2005-MCP1 Washington Office Properties, LLC*

APPELLANT'S BRIEF
CASE NO. 3:20-CV-05106-RBL

-28-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

130395.0001/8042157.1