THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>CDC PROPERTIES I, LLC,<br><br>Debtor.<br><br>MLMT 2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC, a Washington limited liability company,<br><br>Appellant,<br><br>v.<br><br>ERIC D. ORSE, individually, and the marital community of ERIC D. ORSE and "JANE DOE" ORSE, husband and wife; KARR TUTTLE CAMPBELL, a Washington Professional Services Corporation; and CDC PROPERTIES I, LLC,<br><br>Appellees. | CASE NO. C20-5106-JCC<br><br>Bankruptcy Case No. 11-41010-BDL<br><br>Adversary Case No. 18-04073-BDL<br><br>ORDER ON APPEAL |

This matter comes before the Court on Appellant MLMT 2005-MCP1 Washington Office Properties, LLC's ("MLMT") opening brief (Dkt. No. 12); Appellees CDC Properties I, LLC ("CDC"), Eric Orse and Karr Tuttle Campbell's ("CDC") response brief (Dkt. No. 24); Appellees' supplemental brief (Dkt. No. 31); and Appellant's reply brief (Dkt. No. 32). After reviewing the briefs and the record on appeal (Dkt. No. 7), the Court finds oral argument unnecessary and hereby AFFIRMS the Bankruptcy Court's order dismissing Appellant MLMT's civil contempt claim.

## I. BACKGROUND

MLMT was the counterparty for two loans made to CDC which were secured by deeds of trust on property owned by CDC. (Dkt. No. 12 at 11.) CDC defaulted on the loans and then, in 2011, filed a voluntary Chapter 11 bankruptcy in U.S. Bankruptcy Court. (*Id.*) The Bankruptcy Court confirmed CDC's Reorganization Plan, which included the following provision (hereafter referred to as the "Paragraph VII.6" provision): CDC may "sell or refinance the Real Property . . . if the proceeds of the sale . . . are sufficient to pay all Allowed Claims in Classes 1-5 and sums otherwise required to be paid under the terms of this Plan." (Dkt. No. 12-2 at 29.)

It is undisputed that CDC sold property covered by the Paragraph VII.6 provision for less than the outstanding balance it owed to MLMT in 2016, in violation of the provision. (Dkt. Nos. 12 at 14; 24 at 13.) MLMT eventually recovered the property using a credit bid in an unrelated bankruptcy proceeding, but incurred various expenses, including legal expenses, in doing so. (Dkt. No. 12 at 33.)

In 2018, MLMT filed a complaint with the Bankruptcy Court seeking to recover those expenses. *In re: CDC Properties I, LLC*, Adversary Case No. 18-04073-BDL, Dkt. No. 1 (W.D. Wash. 2019). After amendment, MLMT ultimately alleged a civil contempt claim against CDC owner Eric Orse and CDC's law firm, Karr Tuttle Campbell. (Dkt. No. 12-6 at 24–25.) MLMT alleged that Orse and Karr Tuttle knowingly violated CDC's 2011 Reorganization Plan on CDC's behalf when they arranged the 2016 sale and that this violation amounted to civil

contempt of the Bankruptcy Court's 2011 order confirming the Plan. (*Id.*)

In 2020, the Bankruptcy Court issued findings of fact and conclusions of law on MLMT's civil contempt claim. (Dkt. No. 12-1 at 1–14.) The Bankruptcy Court agreed that CDC's 2016 property sale violated the 2011 reorganization plan. (*Id.* at 13 ("The proof of non-compliance with the CDC Plan is clear and convincing . . . . It is also clear and convincing from the evidence that the Orse Defendants were aware of the CDC Plan, including the . . . transfer restriction.").) However, the Bankruptcy Court found that MLMT failed to meet its burden for a civil conspiracy claim: a showing by clear and convincing evidence that the 2016 sale was a violation of a specific and definite court *order*, rather than a violation of a "mere contract provision." (*Id.* at 13–14.) On this basis, the Bankruptcy Court issued a final order and judgment denying MLMT's claim. (*Id.* at 15–16.)

MLMT filed a notice of appeal with this Court. *See* Case No. 18-04073-BDL, Dkt. No. 91. MLMT limited its appeal to one issue: "Whether the Bankruptcy Court erred when it concluded as a matter of law that [the 2016 sale] did not constitute a violation of a specific and definite order . . . such that the violation . . . did not constitute civil contempt." (Dkt. No. 7 at 17.) MLMT does not dispute any of the Bankruptcy Court's factual findings. (*See generally id.*) Accordingly, this Court's review is limited to the discrete issue noted above. Fed. R. Bankr. P. 8009.

## II.  DISCUSSION

The Court has appellate jurisdiction over a final order and judgment from the Bankruptcy Court. 28 U.S.C. § 158(a)(1). The legal determinations made in resolving a civil contempt claim are reviewed for an "abuse of discretion." *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003). To find that a court abused its discretion in making a legal determination, the Court must find that the court relied on "an erroneous legal standard." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

MLMT repeatedly argues that the CDC's 2011 Reorganization Plan was tantamount to an

order of the Bankruptcy Court, such that any violation constitutes civil contempt. (*See generally* Dkt. Nos. 12 at 23–27; 32 at 7–10.) But MLMT fails to demonstrate why the legal standard upon which the Bankruptcy Court relied was erroneous. The Bankruptcy Court concluded that there is a distinction "between the definite and specific orders of the court," whether they be "contained in a plan or a confirmation order," or "*provisions* of the plan." (Dkt. No. 12-9 at 13 (emphasis added).) The Bankruptcy Court then explained that violations of a plan provision may constitute a breach of contract, but to constitute contempt, the provision must be an "'unequivocal demand' set forth in 'specific detail' within the order." (Dkt. No. 12-9 at 13 (quoting *In re Dendy*, 396 B.R. 171, 180 (Bankr. D.S.C. 2008)).) Because the reorganization plan did not contain "language that constitutes a specific order of the court," a violation of the transfer restriction did not constitute an "unequivocal demand" set forth in "specific detail" within the Bankruptcy Court's order approving the reorganization plan. (*Id.*) While MLMT may wish to debate this proposition, to demonstrate that the Bankruptcy Court *abused its discretion* in declining to grant MLMT's request for a civil contempt claim, MLMT must provide the Court with controlling legal authority demonstrating that the Bankruptcy Court applied the wrong legal standard. *See U.S. v. Exxon Mobil Corp.*, 943 F.3d 1283, 1287 (9th Cir. 2019) ("[A] ruling predicated on an erroneous view of the legal standard is an abuse of discretion.") (internal quotation omitted). MLMT has provided the Court no such authority.

Moreover, the Court finds that the Bankruptcy Court's position was not unreasonable in this instance. Generally, once a Chapter 11 reorganization plan "has been confirmed, the estate of the debtor and the bankruptcy court's jurisdiction ceases to exist[]" and the plan becomes a new contract between the parties. *S.W. Marine Inc. v. Danzig*, 217 F.3d 1128, 1140 (9th Cir. 2000) (citing *In re D & P P'ship*, 91 F.3d 1072, 1074 (8th Cir.1996)); *Murdock v. Holquin*, 323 B.R. 275, 282 (N.D. Cal. 2005); *see also Miller v. U.S.*, 363 F.3d 999, 1004 (9th Cir. 2004) ("A Chapter 11 bankruptcy plan is essentially a contract between the debtor and his creditors.").

Therefore, the Bankruptcy Court did not abuse it discretion in finding that MLMT failed

to demonstrate by clear and convincing evidence that "the Orse Defendants violated a specific and definite order of the Court, and thus has failed to meet its burden" in bringing a "civil contempt claim." (Dkt. No. 12-9 at 14.)

### III.   CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order and judgment in favor of Appellees on MLMT's civil contempt claim is AFFIRMED.

DATED this 11th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE